# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,    )
                      )
v.                    )    **ID No. 1708002212**
                      )    **Cr. A. Nos. IN17-08-0842, etc.**
BRYAN D. ROBERTS,     )
                 Defendant. )

Submitted:  March 16, 2020
Decided:  June 8, 2020

## ORDER

*Upon Defendant Bryan D. Robert's Motion for Postconviction Relief*
**DENIED.**

This 8th day of June, 2020, upon consideration of the Defendant Bryan D. Roberts' *Pro Se* Motion for Postconviction Relief (D.I. 45), the Commissioner's Report and Recommendation that Mr. Roberts' *Pro Se* Motion for Postconviction Relief should be **DENIED**, and the record in this case, it appears to the Court that:

(1)    In September 2017, a New Castle County grand jury indicted Mr. Roberts for Possession of a Firearm by a Person Prohibited (PFBPP), Possession of Ammunition by a Person Prohibited, Carrying a Concealed Deadly Weapon, and Possession of Drug Paraphernalia.[1]

---

[1]    Indictment, *State v. Bryan D. Roberts*, ID No. 1708002212 (Del. Super. Ct. Sept. 18, 2017) (D.I. 2).

- 1 -

(2) After a three-day jury trial conducted in March 2018, Mr. Roberts was convicted of all charges.[2] After his counsel successfully argued for and obtained Mr. Roberts a new trial,[3] Roberts pleaded guilty to the PFBPP count. The plea was a consolidated resolution of these new charges and Mr. Roberts' then-pending probation violation from earlier robbery and attempted robbery convictions.[4] Mr. Roberts pled in exchange for dismissal of the remaining charges and the State's favorable sentencing recommendation (a total cap of seven years unsuspended imprisonment with other terms).[5]

(3) The Court sentenced Mr. Roberts several months later, after a presentence investigation report was prepared. Mr. Roberts was sentenced to: (a) PFBPP (IN17-08-0842)—15 years at Level V, suspended after five years for ten years at Level IV (DOC Discretion), suspended after six months for two years at Level III; (b) VOP-Robbery First Degree (VN09-11-1580-03)—one year at Level

---

[2] Verdict Form, *State v. Bryan D. Roberts*, ID No. 1708002212 (Del. Super. Ct. Mar. 9, 2018) (D.I. 27).

[3] D.I. 29-38.

[4] Plea Agreement and TIS Guilty Plea Form, *State v. Bryan D. Roberts*, ID Nos. 1708002212 and 0911009189 (Del. Super. Ct. May 7, 2018) (D.I. 41).

[5] *Id.*

V; and (c) VOP-Attempted Robbery First Degree (VN09-11-1581-02) – six days at Level V.[6]

(4)    Mr. Roberts filed no direct appeal from his convictions or sentence. But he has filed both an unsuccessful *pro se* application for sentence reduction[7] and an unsuccessful *pro se* application for additional credit time.[8]

(5)    In February 2019, Mr. Roberts filed a timely *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61.[9]  He also requested appointment of postconviction counsel.[10]  The Court denied Mr. Roberts' motion for appointment of counsel, but did order expansion of the record,[11] require a response from the State,[12] and considered Mr. Roberts' supplement his postconviction filings.[13]

---

[6]    Sentencing Order, *State v. Bryan D. Roberts*, ID No. 1708002212 (Del. Super. Ct. Aug. 10, 2018) (D.I. 44); VOP Sentencing Order, *State v. Bryan D. Roberts*, ID No. 0911009189 (Del. Super. Ct. Aug. 10, 2018) (D.I. 46).

[7]    D.I. 57 and 64.

[8]    D.I. 58 and 64.

[9]    D.I. 45.

[10]    D.I. 49.

[11]    D.I. 48.

[12]    D.I. 53.

[13]    *See, e.g.,* D.I. 51.

(6) After expansion of the record and the State's response, that motion was referred to Superior Court Commissioner Janine M. Salomone in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact, conclusions of law, and recommendations for its disposition.

(7) The Commissioner docketed her Report and Recommendation on February 28, 2020.[14] The Commissioner recommended that Mr. Roberts' Motion for Postconviction Relief be denied.[15]

(8) "Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[16] Neither Mr. Roberts nor the State filed an "objection" to the Commissioner's Report under Criminal Rule 62(a)(5)(ii).[17]

(9) The Court accepts, in whole, the findings of fact and recommendations made by the Commissioner.[18] After a thorough review of the record in this case, the

---

[14] D.I. 36.

[15] *State v. Roberts*, 2020 WL 996921 (Del. Super. Ct. Feb. 28, 2020).

[16] Super. Ct. Crim. R. 62(a)(5)(ii).

[17] The Court notes that the current suspension of court-rule deadlines ordered by the Chief Justice via the judicial emergency declaration caused by the COVID-19 pandemic did not take effect until well after Rule 62(a)(5)(ii)'s ten-day deadline had passed for Mr. Roberts and the State. *See* ADMINISTRATIVE ORDER NO. 7—EXTENSION OF JUDICIAL EMERGENCY, *In Re COVID-19 Precautionary Measures*, at 16 (Del. June 5, 2020) ( . . . "deadlines in court rules . . . that expire between March 23, 2020 and June 30, 2020 are extended through July 1, 2020.") (available at https://courts.delaware.gov/rules/pdf/COVID-19AdminOrderNo7.pdf - last visited June 7, 2020).

[18] *Id.* at 62(a)(5)(iv).

Court finds there is no constitutional or legal basis to doubt the validity of Mr. Roberts' conviction; his guilty plea was knowing, voluntary, and intelligent. Nor is there a doubt that Mr. Roberts' counsel was wholly effective when evaluating his case pre-trial, when litigating the issues that counsel had a good faith basis to believe had merit, when negotiating a plea resolution—after successfully obtaining a new trial, and when assisting Mr. Roberts while entering his guilty plea. Lastly, Mr. Roberts has failed to carry his burden of proving that acts of either the prosecution or the Court that led to the grant of his new trial were taken with an intent to obtain vacatur of the jury's guilty verdicts on all indicted counts for a second trial.[19]

(10) In short, it plainly appears from the motion and the record of prior proceedings that Mr. Roberts is not entitled to postconviction relief.

**NOW THEREFORE**, after careful and *de novo* review of the record in this case, and for the reasons stated in the Commissioner's Report and Recommendation of February 28, 2020, Mr. Roberts' Motion for Postconviction Relief is **DENIED**.

**SO ORDERED this 8th day of June, 2020.**

**Paul R. Wallace, Judge**

Original to Prothonotary

---

[19] *See State v. Taylor*, 2019 WL 4647669, at *1 n.13, 3-4 (Del. Super. Ct. Sept. 23, 2019) (explaining standard for determining whether a double jeopardy claim meets the "narrow exception" to retrial after a mistrial provoked by prosecutorial or judicial conduct.).

cc:    Hon. Janine M. Salomone
James K. McCloskey, Deputy Attorney General
Timothy J. Weiler, Esquire
Mr. Brian D. Roberts, *pro se*